Exceptions to The further Answer of Joseph F. Eastman   Filed May 17ᵗʰ 1830.

In Chancery

Between {

*Eleanor Eastman by her*
*Guardian Catharine Mᶜ Niff*
*and others Complainants*
*and*
*Joseph F Eastman and*
*Thomas Rowland defendants*

Exceptions taken by the Complainant to the further answer of Joseph F Eastman one of the defendants to the said Complainants bill of Complaint

1ˢᵗ Exception   For the said Joseph hath not answered and set forth according to the best of his knowledge and belief, what sum or sums of money were paid by the said Thomas Rowland at any time to the said Joseph F Eastman to account of the bonds and Mortgages in said bill mentioned and when so paid & whether or not he has not applied the sum or sums so paid to his own purposes also what sum if any yet remains due on the said bonds and Mortgages by said Rowland with any Interest that may have accrued thereon.

2ᵈ Exception   For that the said Joseph hath not answered and set forth whether any & what sum or sums were paid by the said Thomas Rowland to the said Johnathan in his life time and by the assent of the said Joseph for and on account of said bonds and Mortgage and when so paid.

3ᵈ Exception   For the said Joseph hath not answered and set forth how and in what manner he has been damnified by reason of his being surety for the said Johnathan as aforesaid or the amount he has paid or secured to pay by reason therof neither has he shown how and in what Manner said French or his administrator was damnified or what he had to pay, or secured to the United States by reason of any default of said Johnathan Eastman, or that the said Joseph has legally been compelled to pay any thing.

In all which particulars the said Complainants humbly insist, the said defendants answer is altogether evasive, imperfect and insufficient: Wherefore the said Complainants do except thereto, and humbly prays that the said defendant may be compelled to put in a full and a Sufficient answer to the said bill of Complaint

ALEXᴿ D. FRASER
Solʳ for Complt